28547.  CLARKSON *v.* CLARKSON *et al.,* executors.

DECIDED DECEMBER 5, 1940.

*S. W. Fariss,* for plaintiff.   *Rosser & Shaw,* for defendants.

STEPHENS, P. J.   (After stating the foregoing facts.)

There is no merit in the motion to dismiss the plea of plene administravit on the ground that it appeared from the plaintiff's amendment to the petition, which was filed after the filing of the defendants' plea, that notice of his claim had been given to them before the expiration of twelve months after their qualification as executors.   The allegations in this amendment, which the defendants were not required either to admit or to deny by plea, could not be read into the defendants' plea and serve as the basis for the demurrer of the plaintiff thereto.   Besides, no harm resulted to the plaintiff by the overruling of his motion to strike the defendants' plea, as it appeared conclusively from the evidence that the defendants had received notice of the plaintiff's claim within

twelve months of their qualification as executors, and, notwithstanding their knowledge of the plaintiff's claim, they administered the estate and distributed the assets as alleged.

■   If the plaintiff's note was a genuine obligation of the testator, it would be a valid claim; but it would be subject and inferior to the claims against the estate for funeral expenses, tombstone, and ordinary's costs.   These claims would have priority over the plaintiff's claim.   Any claim against the estate by a creditor of the testator has priority over any claim of a legatee for the legacy. The estate is chargeable first with the payment of the debts of the testator and the expenses of administration, before the payment of any legacies or devises made in the will.   Code, §§ 113-821, 113-1508 (2, 3), 113-1509.   It appears undisputed from the evidence that after deducting from the $4000, the whole of the estate, the three claims having priority to the plaintiff's claim, aggregating $405.40, there would be a remainder of $3594.60, which would be subject to the payment of any other valid claim against the estate.   Where executors have notice or actual knowledge of a valid claim of a creditor, within twelve months of their qualification as executors, and particularly before they pay out the assets of the estate to the legatees, they are personally liable to the creditor to the extent of the balance of the assets of the estate remaining after the payment of claims having priority.

The judge charged the jury that he had admitted evidence as to the value of the estate and as to what constituted the estate of the deceased during his lifetime; that the estate consisted of $4000 left by the testator "for distribution under the will and as provided by law," and that the court had admitted this evidence to go to the jury "for the purpose of supporting the plea filed by the defendants, the executors, as set forth in their amendment, by which they seek to limit the amount of recovery in this case to the worth of the estate, after the payment from the fund of the estate of certain items, funeral expenses, tombstone, and costs of probate of the will, and such legal claims against the estate as may have been in existence at the time of the death of the testator J. M. Clarkson."   After intervening matters, the court further charged the jury as follows:   "The court charges you that whatever legal claims may have been disclosed to you by the evidence in this case to exist against the estate of the decedent at the time

of his death would be a prior charge against the estate, should you find under the rules I give you in charge that the plaintiff is entitled to recover. In the event the amount of the recovery exceeded the net amount of the estate after deducting the priorities, your verdict would not exceed the net amount of the estate after making such deductions; and should you find that the obligation is a valid obligation, and that the note was executed by J. M. Clarkson during his lifetime to the plaintiff in this case, then I charge you the plaintiff would be entitled to recover, and in fixing the amount of recovery, gentlemen, you would fix whatever amount you might find to be due as represented by the note, so much principal and so much interest, and you would look to the evidence, applying the rules I have already given you in charge, and see what priorities or legal claims should have been of the estate, and you would not exceed those; and the form of your verdict might be, we, the jury, find for the plaintiff so much principal and so much interest, and further find the value of the estate; you might fix the value of the estate less these priorities, the judgment to be made from the net amount of the estate after deducting the priorities." The plaintiff excepted to this charge, on the ground that it was calculated to leave the impression on the minds of the jury that not only the claims against the estate for funeral expenses, tombstone, and expenses of administration were claims payable out of the estate prior to whatever claim the plaintiff may have, but that the claims of legatees against the estate for legacies due them under the will would be claims prior to that of the plaintiff, and that as the claims of the legatees would not be prior to the claim of the plaintiff the charge was error. The amendment to the defendants' plea, referred to by the court in the charge, alleged that the deceased's entire estate consisted of $4000, out of which claims prior to that of the plaintiff were funeral bill, cost of tombstone, and cost in ordinary's court, amounting to $405.40, and that the balance of the estate had been paid to "beneficiaries named in the last will and testament of the said J. M. Clarkson and in accordance with the terms of said will." So far as appears from this amendment to the defendants' plea, it set up as a defense to the plaintiff's claim not only the fact that the claims for funeral expenses, tombstone, and expenses in the ordinary's court were prior claims, but the payment by the defendants to the legatees of legacies provided for in the will.

6

In the above-quoted excerpt from the charge of the court it is expressly stated, in reference to the defendants' amendment to the plea, that the defendants in the plea "seek to limit the amount of the recovery . . to the worth of the estate, after the payment from the funds of the estate of . . funeral expenses, tombstone, and the cost of probate of the will, *and such legal claims against the estate as may have been in existence at the time of the death of the testator.*" (Italics ours.) The charge expressly mentioned "legal claims against the estate" in addition to the claims for funeral expenses, tombstone, and the cost of the probate of the will, as being claims which the defendants assert are superior to the claim of the plaintiff. It stated that the defendants sought to limit the amount of recovery in the case to the value of the estate, not only after the payment of the enumerated claims for funeral expenses, tombstone, and cost of probate of the will, but after payment of other "legal claims against the estate." This might be construed as referring to the claims of the legatees. The further charge (after the court had charged as above indicated), that whatever "legal claims may have been disclosed to you by the evidence in this case to exist against the estate of the decedent at the time of his death would be a prior claim against the estate," was calculated to leave the impression on the minds of the jury that the claims of the legatees would be prior to the claim of the plaintiff. If all the claims set out in the defendants' answer, including the claims of the legatees against the estate, constituted claims prior to that of the plaintiff, there would be no assets of the estate on which the plaintiff's claims could attach. The charge excepted to might have influenced the verdict which was for the defendants. If these claims of the legatees were not claims prior to that of the plaintiff. the plaintiff's claim, if a valid claim, would attach to something over $3000 of the estate. While the court in its charge stated that should the jury find the plaintiff's claim a valid claim they might find some amount for the plaintiff after deducting from the estate the amount of the prior claims, this would not remove any error in the charge given, wherein it was calculated to leave on the minds of the jury the impression that the claims of legatees were claims prior to that of the plaintiff. This error in the charge demands the grant of a new trial.

■ ■ It is essential to the passage of title to a note that it be

delivered. While delivery may be proved from the fact of possession of the note by the payee, it was not error, in a suit by the payee of the note which it appeared was in his possession, for the court to charge, as it did in this case, that if the jury should find that the deceased "did make, sign, and execute and deliver to the plaintiff the note sued on in this case . . the plaintiff would be entitled to recover." This charge did not place any unnecessary burden on the plaintiff to prove delivery. Delivery was proved by the fact that the note was in the plaintiff's possession. In this case the burden of proof was on the plaintiff, including the burden to establish the validity of the note, where the defendants had filed a plea of non est factum. This is true notwithstanding the defendants may, in verifying the plea of non est factum, have gone further than the law required of them, and verified the plea in positive terms to the effect that the note sued on was not the act and deed of the deceased. No objection having been made to the plea of non est factum, either by motion to strike or demurrer on the ground that it was not properly verified, or on the ground that there was no verification of the plea in that the defendants referred to the "petition" rather than the plea, these defects must be considered as having been waived by the plaintiff, and the plea must now be regarded and considered as a valid plea of non est factum. Such defects would have no bearing on the question as to upon whom the burden of proof should rest where a plea of non est factum has been filed.

■ Certain evidence consisting of checks which were excluded on the ground that they constituted transactions between the plaintiff and a dead person, the testator, does not appear to have been improperly excluded.

The court erred in overruling the motion for new trial.

*Judgment reversed. Felton, J., concurs. Sutton, J., dissents.*

SUTTON, J., dissenting. I dissent from the ruling of the majority of the court in division 2 of the opinion, which reverses the judgment of the trial court on account of an excerpt from the judge's charge. I have carefully read the entire charge of the court, and do not think the portion of the charge there dealt with was harmful to the plaintiff. In fact, the charge fully and fairly submitted the issues to the jury, and I do not think any portion thereof could properly be construed as harmful to the plaintiff; and especially is

this true when the charge is considered as a whole. The suit was on a note against the two defendants as executors. They pleaded that the note was a forgery, that it was not executed by the decedent, and that the estate had been administered. By amendment they alleged: · "That the entire estate of the said J. M. Clarkson consisted of $4000 collected on life-insurance policies. Out of this amount debts entitled to payment prior to the claim sued upon were as follows: funeral bill $190; tombstone $205; ordinary's cost $10.40. And the balance of the estate was paid to beneficiaries named in the last will and testament of said J. M. Clarkson and in accordance with the terms of the said will." So it will be seen from the pleadings of the defendants that the entire estate consisted of only $4000, out of which three items, funeral bill $190, tombstone $205, and ordinary's cost $10.40, making a total of $405.40, were "entitled to payment prior to the claim sued upon." This was conceded by the plaintiff. The real issue in the case was whether the note sued on was a valid one, or whether it was a forgery.

The charge of the court immediately before and connected with the excerpt complained of was as follows: "If you find from the evidence in this case, gentlemen, that the note sued on was signed by J. M. Clarkson during his lifetime, . . then I charge you, gentlemen, that the plaintiff would be entitled to recover. It would be immaterial, so far as the issues of this case are concerned, in the event you should find that the debt is a valid debt, as to what disposition of the estate may have been made by the executors. Should you find, as stated, that the note was signed by J. M. Clarkson, and was based upon a valuable consideration, and the law presumes a valuable consideration between J. M. Clarkson, now deceased, whose estate is represented by the defendants, and J. A. Clarkson, the plaintiff in this case, then I charge you that you would find a verdict for the plaintiff for the principal and interest in this case, notwithstanding that it might subject the executors to some penalty or impose some burden upon them by reason of any acts of theirs. Whether they have distributed the estate or not would not and should not affect you as to arriving at the truth of the transaction as to whether or not J. M. Clarkson did execute and deliver the note sued on in this case." The excerpt complained of was as follows: "Certain evidence has gone in before you, gentle-

men, as to the value of the estate, and what constituted the estate of J. M. Clarkson during his lifetime. I believe the undisputed evidence in this case is that the estate consisted of some four thousand dollars to be administered by the executors named in the will, and that was the amount of the estate left by him for distribution under the will and as provided by law. I charge you that this evidence is permitted to go to you for the purpose of supporting the plea filed by the defendants, the executors, as set forth in their amendment, by which they seek to limit the amount of the recovery in the case to the worth of the estate, after the payment from the funds of the estate of certain items, funeral expenses, tombstone, and the cost of the probate of the will, and such legal claims against the estate as may have been in existence at the time of the death of the testator, J. M. Clarkson; and I charge you in this case that the amount of the note sued on in this case has nothing whatsoever to do with the plaintiff's right, if he has a right to recover, and should not be considered by this jury in arriving at his right to recover. The fact that the amount due to the plaintiff in this case. if you should find that he is due anything, might cover the entire estate after the payment of the priorities and all claims against the estate should have no influence over the jury in arriving at a verdict; and if the plaintiff is entitled to recover, it is your duty to return a verdict in favor of the plaintiff in this case for the amount you should find he is entitled to recover, notwithstanding the fact that the amount of the verdict might equal or exceed the value of the entire estate after the payment of the priorities is deducted. If you should find from the evidence in this case that the note sued on, with interest, with the credit thereon, was executed by the decedent, J. M. Clarkson, it is your duty to return a verdict for the plaintiff in this case, irrespective of the fact that the amount might equal or exceed the value of the estate, after deducting the priorities or legal claims against the estate. The court charges you that whatever legal claims may have been disclosed to you by the evidence in this case to exist against the estate of the decedent at the time of his death would be a prior charge against the estate, should you find under the rules I give you in charge that the plaintiff is entitled to recover." Immediately after and connected with the excerpt complained of, the charge continued: "In the event the amount of the recovery exceeded the net amount of the estate

after deducting the priorities, your verdict would not exceed the net amount of the estate after making such deductions; and should you find that the obligation is a valid obligation, and that the note was executed by J. M. Clarkson during his lifetime to the plaintiff in this case, then I charge you the plaintiff would be entitled to recover, and in fixing the amount of recovery, gentlemen, you would fix whatever amount you might find to be due as represented by the note, . . the judgment to be made from the net amount of the estate after deducting the priorities." The court told the jury in his charge a number of times that if they should determine that the note sued on was a valid note, that is, signed by J. M. Clarkson. then the plaintiff would be entitled to recover, and that their verdict would be in favor of the plaintiff for the amount of the note, principal and interest, the judgment to be made out of the value of the estate, less the priorities. It is true that he did use in this connection a few times the expression "legal claims;" but he told the jury different times that if they should determine that the note was valid their finding should be in favor of the plaintiff, irrespective of whether the defendants had paid out or distributed the funds of the estate. In my opinion the plaintiff shows no harmful error, and the judgment of the trial court should be affirmed.